NO. 07-02-0193-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 30, 2002



______________________________




JOSE ANGEL TANGUMA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B11652-9402; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Pursuant to a plea bargain, appellant Jose Angel Tanguma was convicted of
indecency with a child and punishment was assessed at ten years confinement and a
$2000 fine, suspended. After a hearing on the State's second motion to revoke, the trial
court revoked appellant's community supervision and assessed the original punishment. 
In presenting this appeal, counsel has filed an Anders (2) brief in support of a motion to
withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief and the State did not
favor us with a brief.

 A review of the record shows that in 1994 appellant was convicted of indecency with
a child and received a suspended sentence. In 1999, upon the State's first motion to
revoke and appellant's plea of true, the trial court ordered that community supervision be
continued and that community service be performed at the rate of ten hours per month. 
A second motion to revoke alleging six violations of the conditions of community
supervision was filed on March 5, 2002.

 At a hearing on the State's motion, appellant plead not true to the allegations
contained therein. However, appellant stipulated to willfully and knowingly violating
allegations three, four, and five, to-wit: (3) failing to be home each night no later than 9:00
p.m. and remain there until 6:00 a.m. on February 8, 2002; (4) failing to complete 400
hours of community service at the rate of ten hours per month; and (5) failing to report any
arrest or detention within 24 hours. The State withdrew its sixth allegation and evidence
was heard on allegations one and two, to-wit: (1) appellant committed an offense on
February 8, 2002, by causing bodily injury to his girlfriend, and (2) appellant failed to keep
his community supervision officer advised of his correct address and change in
employment, as well as the allegations stipulated to.

 Appellant's girlfriend, the alleged victim of the offense committed on February 8,
2002, testified that she, appellant, and other family members were having dinner at a
restaurant to celebrate appellant's birthday. She was sad about some difficult times they
were going through and became teary. She testified that after appellant comforted her and
while she was in the restroom washing up, police arrived to arrest appellant for injuring her. 
She denied that appellant caused her any injury and was unaware of who had called the
police. Appellant also testified that he did not injure his girlfriend. 

 Appellant's community supervision officer testified that appellant failed to report that
he lost his job within 48 hours and that his notice of a change of address was also
untimely. Appellant testified that he could not recall when he reported a change in
employment and address to his community supervision officer. He did agree that he
violated the third, fourth, and fifth allegations in the State's motion to revoke. Appellant's
former community supervision officer testified that appellant was not performing community
service at the rate of ten hours per month. The trial court found that appellant violated
allegations two, three, four, and five contained in the State's motion, but did not find that
he caused bodily injury to his girlfriend.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient
ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926
(Tex.Cr.App. 1980). The stipulations and evidence established that appellant violated four
of the five allegations raised by the State. Thus, the trial court did not abuse its discretion
in revoking appellant's community supervision. 

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



alse" Name="Light Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0473-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
3, 2011

 



 

GREGORY THOMAS DICKERSON,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 91-412,276; HONORABLE BRADLEY S.
UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Gregory
Thomas Dickerson appeals, pro se, from
an order of the trial court denying his motion to set aside and vacate what he
considers to be a void 1991 judgment convicting him of aggravated sexual
assault.[1]  We modify it and affirm.

            Only the
Court of Criminal Appeals has jurisdiction to grant relief from a final felony
conviction imposing a penalty other than death, and one seeking such relief
must do so per art. 11.07 of the Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010);[2]
Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that the Court of Criminal
Appeals is the only court with jurisdiction in final post-conviction felony
proceedings); Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex. App.Waco 2006, no pet.) (stating that the exclusive
post-conviction remedy in a final felony conviction is through a writ of habeas
corpus pursuant to art. 11.07).  Thus,
the trial court had no jurisdiction to entertain appellants motion to set aside
or vacate his 1991 final felony conviction. 
   

            Accordingly,
we modify the trial courts order to reflect that the motion was dismissed for
want of jurisdiction and affirm it as modified. 
 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not publish.











[1]Appellant
appealed that judgment alleging he received ineffective assistance of
counsel.  That judgment was affirmed by
this court on August 26, 1992.  





[2]Although
the application for writ of habeas corpus is filed in the trial court, it is
made returnable to the Court of Criminal Appeals.  Tex. Code  Crim. Proc. Ann.
art. 11.07 §3(b) (Vernon Supp. 2010).